UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VEDIA L. JONES,

                          Plaintiff,

v.

CREDIT ACCEPTANCE CORPORATION,

                          Defendant.
_____/

**COMPLAINT & JURY DEMAND**

Plaintiff Vedia L. Jones through counsel Stephen A. Thomas, PLC, by Stephen A. Thomas states the following claims for relief:

**INTRODUCTION**

1. Plaintiff is suing because Defendant Credit Acceptance Corporation harassed her for months with collection robo-calls for a debt which she did not owe.

2. Defendant persistently utilized a robo caller to call the Plaintiff's cellular telephone, violating the Plaintiff's privacy rights afforded under federal law.

3. The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago,* 394 U.S.

111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." *Carey v. Brown,* 447 U.S. 455, 471(1980).

## JURISDICTION

4. Jurisdiction of this Court arises under 47 U.S.C. § 227 *et seq.* ("TCPA"). Injunctive relief is available pursuant to the TCPA.

5. This action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and out of the invasions of Plaintiff's personal privacy by Defendant and their agents in their illegal efforts to collect a consumer debt, which Plaintiff did not owe.

6. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here as part of their continuing debt collection activities and efforts to communicate with Michigan residents alleged to owe debts within the State of Michigan.

## PARTIES

7. Plaintiff Vedia L. Jones is a natural person who resides in the City of Detroit, County of Wayne, State of Michigan and is a "person" as the term is defined by 47 U.S.C. § 153(39).

8. Defendant Credit Acceptance Corporation ("CAC") is a Michigan business entity and is a "person" as the term is defined by 47 U.S.C. § 153(39) with its resident agent CSC-Lawyers Incorporating Service (company) with its registered office address of 600 Abbot Road, East Lansing, Michigan 48823.

## VENUE

9. The transactions and occurrences which give rise to this action occurred in Wayne County.

10. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

11. That Defendant CAC attempted to collect a debt for a car loan from Kaleayah Jackson who is Plaintiff's granddaughter.

12. That Kaleayah Jackson purchased a 2007 Chevrolet Equinox financed through Defendant CAC on April 4, 2014. See Exhibit A.

13. That Plaintiff did not purchase or finance the 2007 Chevrolet Equinox.

14. That on August 25, 2006 Plaintiff acquired her number (313) 957-xxxx, which is a cell phone number with the service provider of Metro PCS.

15. That number (313) 957-xxxx is a cell phone and has always been a cell phone.

16. That in the early part of June 2014 Plaintiff began receiving pre-recorded and/or synthesized voice messages daily on her cellular telephone number (313) 957-xxxx from Defendant CAC. Plaintiff knew that she was receiving robo calls due to the having to say "hello, hello, hello" several times and no one would say anything. After several seconds, an agent would come on the line and ask for her granddaughter Kaleayah.

17. That Plaintiff told Defendant CAC agent that this was her private cell phone and to stop calling her.

18. Despite being told to stop calling her private cell phone number Defendant CAC continued the pre-recorded and/or synthesized voice messages daily to her cell phone.

19. That Plaintiff never gave consent to being called on her private cell phone (313) 957-xxxx.

*Telephone Consumer Protection Act ("TCPA")*

20. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39) and a subscriber to cellular telephone services within the United States.

21. At all times relevant to this complaint, the Defendant CAC has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

22. Within four years immediately preceding the filing of this lawsuit, Defendant CAC and their agents telephoned the Plaintiff's cellular telephones on numerous occasions in violation of the TCPA.

23. Without Plaintiff's prior express consent, Defendant CAC and its collectors and agents repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephones in an attempt to collect this debt which is not owed.

24. All calls and messages were sent in willful violation of the TCPA because Defendant CAC never obtained the Plaintiff's prior express consent, and had no basis to believe that they had the Plaintiff's prior express consent to robo call her for her granddaughter's debt.

25. Plaintiff has never given her cellular telephone number to Defendant CAC or its agents.

26. Defendant CAC's repeated autodialed collection calls to Plaintiff's cellular telephones, within the last four years prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

## TRIAL BY JURY

27. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## COUNT I – VIOLATION OF THE
## FEDERAL TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et seq.

28. Plaintiff incorporates the preceding allegations by reference.

29. Within the four year period immediately preceding this action, the Defendant CAC made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

30. The acts and or omissions of Defendant CAC at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant CAC at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

32. Defendant CAC did not have the necessary prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

33. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff.

34. Defendant CAC willfully and knowingly violated the TCPA, and as such, the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

35. Plaintiff is entitled to injunctive relief prohibiting Defendant CAC from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Wherefore, Plaintiff requests that the Court grant her the following relief against the Defendant:

## COUNT I.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 et seq. AGAINST BOTH Defendant

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant CAC and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant CAC and for Plaintiff;

- for an injunction prohibiting Defendant CAC from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

Respectfully submitted,

September 4, 2015

/s/ Stephen A. Thomas
STEPHEN A. THOMAS P43260
Attorney for Plaintiff
645 Griswold St., Suite 1360
Detroit, Michigan  48226
313-965-2265
sthomas@313965bank.com