UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VEDIA L. JONES,

    Plaintiff,                                       Case No. 2:15-cv-13165-VAR-EAS

v.

CREDIT ACCEPTANCE
CORPORATION,

    Defendant/Third-Party Plaintiff,

v.

KALEAYAH JACKSON,

    Third-Party Defendant.

_____

**CREDIT ACCEPTANCE CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT**

Defendant and Third-Party Plaintiff Credit Acceptance Corporation ("Credit Acceptance"), through counsel, answers the Complaint of Plaintiff Vedia L. Jones ("Plaintiff") as follows:

**INTRODUCTION**

1.    Credit Acceptance denies that it "harassed [Plaintiff] for months with collection robo-calls." Credit Acceptance lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 1, and therefore the allegations are denied as untrue.

2. Denied as untrue.

3. The allegations in paragraph 3 state conclusions of law to which no response is required. To the extent these allegations constitute allegations of wrongdoing by Credit Acceptance, Credit Acceptance denies as untrue.

## JURISDICTION

4. The allegations in paragraph 4 state conclusions of law to which no response is required. To the extent these allegations constitute allegations of wrongdoing by Credit Acceptance, Credit Acceptance denies as untrue.

5. Credit Acceptance denies as untrue that it violated the Telephone Consumer Protection Act ("TCPA"), invaded Plaintiff's personal privacy, or otherwise acted "illegal[ly]." The remaining allegations in paragraph 5 state conclusions of law to which no response is required. To the extent these allegations constitute allegations of wrongdoing by Credit Acceptance, Credit Acceptance denies as untrue.

6. The allegations in paragraph 6 state conclusions of law to which no response is required. To the extent these allegations constitute allegations of wrongdoing by Credit Acceptance, Credit Acceptance denies as untrue.

## PARTIES

7. Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore the allegations are denied as untrue.

8. Credit Acceptance admits that it is a Michigan business entity with a registered agent in East Lansing, Michigan. Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8, and therefore the allegations are denied as untrue.

## VENUE

9. The allegations in paragraph 9 state conclusions of law to which no response is required. To the extent these allegations constitute allegations of wrongdoing by Credit Acceptance, Credit Acceptance denies as untrue.

10. The allegations in paragraph 10 state conclusions of law to which no response is required. To the extent these allegations constitute allegations of wrongdoing by Credit Acceptance, Credit Acceptance denies as untrue.

## GENERAL ALLEGATIONS

11. Credit Acceptance admits that Kaleayah Jackson owes Credit Acceptance pursuant to the terms of a Retail Installment Contract, and Credit Acceptance attempted to collect the amount owed from Ms. Jackson.

12. Credit Acceptance admits that Kaleayah Jackson purchased a 2007 Chevrolet Equinox from Legacy Motors, Inc. and respectfully refers the Court to the individually negotiated Retail Installment Contract for the true and accurate terms thereof.

13. Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore the allegations are denied as untrue.

14. Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore the allegations are denied as untrue.

15. Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore the allegations are denied as untrue.

16. Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore the allegations are denied as untrue.

17. Denied as untrue.

18. Denied as untrue.

19.     Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore the allegations are denied as untrue.

### Telephone Consumer Protection Act ("TCPA")

20.     Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is a subscriber to cellular telephone services in the United States, and therefore the allegation is denied as untrue.  The remaining allegations in paragraph 20 state conclusions of law to which no response is required.  To the extent these allegations constitute allegations of wrongdoing by Credit Acceptance, Credit Acceptance denies as untrue.

21.     The allegations in paragraph 21 state conclusions of law to which no response is required. To the extent these allegations constitute allegations of wrongdoing by Credit Acceptance, Credit Acceptance denies as untrue.

22.     Denied as untrue.

23.     Denied as untrue.

24.     Denied as untrue.

25.     Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore the allegations are denied as untrue.

26. Denied as untrue.

## TRIAL BY JURY

27. The allegations in paragraph 27 state conclusions of law to which no response is required. To the extent these allegations constitute allegations of wrongdoing by Credit Acceptance, Credit Acceptance denies as untrue.

## COUNT I – VIOLATION OF THE FEDERAL TELEPHONE CONSUMER PROTECTION ACT

28. Credit Acceptance incorporates by reference its prior answers and objections.

29. Denied as untrue.

30. Denied as untrue.

31. Denied as untrue.

32. Denied as untrue.

33. Denied as untrue.

34. Denied as untrue.

35. Denied as untrue.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims against Credit Acceptance are barred by her failure to mitigate damages.

2. Plaintiff's claims against Credit Acceptance are barred by her failure to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred to the extent that Credit Acceptance had the prior express consent to call the cellular telephone of Plaintiff. Alternatively, Credit Acceptance had obtained consent from persons authorized to give consent on behalf of Plaintiff.

4. Plaintiff's claims against Credit Acceptance are barred because she has not sustained any actual damages or injury.

5. Plaintiff's claims against Credit Acceptance are barred by estoppel, laches, waiver, and the doctrine of unclean hands.

6. Plaintiff's claims against Credit Acceptance are barred because Credit Acceptance acted in good faith at all relevant times.

7. Plaintiff's claims against Credit Acceptance for willful or intentional statutory damages are barred to the extent that any calls that were made by Credit Acceptance to Plaintiff's cellular telephone, such calls were inadvertent, as Credit Acceptance did not know that any calls were in violation of the TCPA for the reasons more fully stated in the Third-Party Complaint.

8. Credit Acceptance reserves the right to raise additional affirmative defenses as they become known to it through the course of discovery.

## THIRD-PARTY COMPLAINT

For its Third-Party Complaint against Third-Party Defendant Kaleayah Jackson ("Third-Party Defendant"), Credit Acceptance states:

1. Third-Party Defendant is an adult individual residing in Wayne County, Michigan. This Court has jurisdiction over Third-Party Defendant.

2. On or about April 4, 2014, Legacy Motors, Inc. and Third-Party Defendant entered into a Retail Installment Contract (the "RIC") to purchase and finance the purchase of a 2007 Chevrolet Equinox.[1]

3. The RIC was assigned to Credit Acceptance.

4. Subsequently, Third-Party Defendant defaulted in making her monthly-installment payments on the RIC.

5. During an inbound telephone call from Third-Party Defendant to Credit Acceptance, Third-Party Defendant voluntarily provided Credit Acceptance with Plaintiff's alleged (313) 957-XXXX telephone number as a number at which she could be reached and to which Credit Acceptance could place calls.

### COUNT ONE – Indemnification

6. Credit Acceptance re-alleges and incorporates by reference each of the previous paragraphs.

---

[1] Upon information and belief, Plaintiff and Third-Party Defendant have a copy of the RIC.

7. The FCC interprets "called party" for the purposes of determining who can express consent under the TCPA as either the "current subscriber or customary user" of a telephone number, including "individuals who might not be the subscriber, but who, due to their relationship to the subscriber, are the number's customary user and can provide prior express consent." 2015 FCC Order, 15-72 FCC Rcd. at 40–41, ¶¶ 73–75.

8. Third-Party Defendant agreed, warranted, promised and represented that she could be legally contacted as a customary user of the (313) 957-XXXX telephone number that she provided Credit Acceptance.

9. Credit Acceptance relied upon these representations in attempting to contact Third-Party Defendant.

10. Credit Acceptance's reliance was reasonable, and Plaintiff never instructed Credit Acceptance to stop calling the (313) 957-XXXX telephone number.

11. Credit Acceptance's alleged liability to Plaintiff is solely derivative of Third-Party Defendant's actions in that she authorized Credit Acceptance to call the (313) 957-XXXX telephone number to contact her regarding the RIC as a purported customary user of the (313) 957-XXXX telephone number.

12. The damages Plaintiff alleges in her Complaint, if any, are a direct result of Third-Party Defendant's acts or omissions.

13. Credit Acceptance is without fault in causing Plaintiff's alleged damages.

14. If Plaintiff is awarded any sums, including any damages, costs or attorneys' fees against Credit Acceptance, then any such liability on the part of Credit Acceptance results from the acts or omissions of Third-Party Defendant.

15. Accordingly, Third-Party Defendant should be held to indemnify Credit Acceptance for all amounts for which Credit Acceptance may be liable to Plaintiff, including any damages, costs, attorneys' fees, or any other sums Credit Acceptance is assessed, as well as to pay for the costs and fees incurred by Credit Acceptance in defending Plaintiff's lawsuit and costs and fees incurred in pursuing indemnification from Third-Party Defendant.

## COUNT TWO – Fraud

16. Credit Acceptance re-alleges and incorporates by reference each of the previous paragraphs.

17. Having valid and legal contact information for Third-Party Defendant is material to Credit Acceptance under the RIC.

18. Third-Party Defendant warranted, promised and represented that she was an authorized and customary user of the (313) 957-XXXX telephone number.

19. Third-Party Defendant gave Credit Acceptance express consent to contact her at the (313) 957-XXXX telephone number.

20. Accordingly, Plaintiff can only prevail in her claims under the TCPA if Third-Party Defendant's representation to Credit Acceptance was false and Third-Party Defendant was not capable of expressing consent as a called party at the (313) 957-XXXX telephone number.

21. Assuming Plaintiff's allegations are true, Third-Party Defendant knew or should have known that she was not an authorized and customary user of the (313) 957-XXXX telephone number.

22. Assuming Plaintiff's allegations are true, Third-Party Defendant provided the (313) 957-XXXX telephone number for the express purpose of serving as a valid number for Credit Acceptance's future communication with Third-Party Defendant regarding the RIC.

23. Assuming Plaintiff's allegations are true, Third-Party Defendant intended for Credit Acceptance to use the (313) 957-XXXX telephone number for that purpose.

24. Assuming Plaintiff's allegations are true, Credit Acceptance was unaware that Third-Party Defendant was not an authorized and customary user of the (313) 957-XXXX telephone number.

25. Credit Acceptance's reliance on Third-Party Defendant's representations was reasonable.

26. If Plaintiff prevails under the TCPA allegations in the Complaint, any damages awarded, including costs and reasonable attorneys' fees, will be the result of Credit Acceptance's reasonable reliance on Third-Party Defendant's misrepresentations regarding the (313) 957-XXXX telephone number.

27. Accordingly, Third-Party Defendant should be held liable for any and all damages awarded Plaintiff under the TCPA, including any costs and attorneys' fees assessed against Credit Acceptance.

## COUNT THREE – Fraudulent Misrepresentation

28. Credit Acceptance re-alleges and incorporates by reference each of the previous paragraphs.

29. Third-Party Defendant, in the course of business with Credit Acceptance under the RIC, falsely represented that she was an authorized and customary user of the (313) 957-XXXX telephone number capable of expressing consent as a called party under the TCPA.

30. Third-Party Defendant knew that this representation was false when it was made or made it recklessly, without knowledge of its truth and as a positive assertion.

31. Third-Party Defendant intended that Credit Acceptance would rely on this representation.

32. Credit Acceptance's subsequent reliance on Third-Party Defendant's representations was both reasonable and foreseeable.

33. If Plaintiff prevails under the TCPA allegations in the Complaint, any damages awarded, including costs and reasonable attorneys' fees, will be the result of Credit Acceptance's reliance on Third-Party Defendant's fraudulent misrepresentation regarding the (313) 957-XXXX telephone number.

34. Accordingly, Third-Party Defendant should be held liable for any and all damages awarded Plaintiff under the TCPA, including any costs and attorneys' fees assessed against Credit Acceptance.

## COUNT FOUR – Negligent Misrepresentation

35. Credit Acceptance re-alleges and incorporates by reference each of the previous paragraphs.

36. Third-Party Defendant, in the course of business with Credit Acceptance under the RIC, falsely represented that she was an authorized and customary user of the (313) 957-XXXX telephone number capable of expressing consent as a called party under the TCPA.

37. Third-Party Defendant could reasonably foresee, that Credit Acceptance would rely on the (313) 957-XXXX telephone number to contact her about the RIC in the future.

38. Third-Party Defendant—who owed Credit Acceptance a duty of care to, at least, provide truthful information—failed to exercise or breached that duty of care by providing Credit Acceptance a number over which she was not an authorized and customary user, exposing Credit Acceptance to statutory liability under the TCPA, if Plaintiff's allegations are true.

39. Credit Acceptance's reliance on Third-Party Defendant's representations was both reasonable and foreseeable.

40. If Plaintiff prevails under the TCPA allegations in the Complaint, any damages awarded, including costs and reasonable attorneys' fees, will be the result of Credit Acceptance's reliance on Third-Party Defendant's negligent misrepresentation regarding the (313) 957-XXXX telephone number.

41. Accordingly, Third-Party Defendant should be held liable for any and all damages awarded Plaintiff under the TCPA, including any costs and attorneys' fees assessed against Credit Acceptance.

## COUNT FIVE – Innocent Misrepresentation

42. Credit Acceptance re-alleges and incorporates by reference each of the previous paragraphs.

43. Third-Party Defendant, in the course of business with Credit Acceptance under the RIC, innocently, but falsely, represented that she was an

authorized and customary user of the (313) 957-XXXX telephone number capable of expressing consent as a called party under the TCPA.

44. This representation was false in fact.

45. Credit Acceptance was actually deceived by Third-Party Defendant's representation.

46. Credit Acceptance's reliance on Third-Party Defendant's representation was both reasonable and foreseeable.

47. If Plaintiff prevails under the TCPA allegations in the Complaint, any damages awarded, including costs and reasonable attorneys' fees, will be the result of Credit Acceptance's reliance on Third-Party Defendant's innocent misrepresentation regarding the (313) 957-XXXX telephone number.

48. Accordingly, Third-Party Defendant should be held liable for any and all damages awarded Plaintiff under the TCPA, including any costs and attorneys' fees assessed against Credit Acceptance.

## COUNT SIX – Breach of Contract

49. Credit Acceptance re-alleges and incorporates paragraphs 1–36 above.

50. On or about April 4, 2014, Third-Party Defendant entered into the RIC (subsequently assigned to Credit Acceptance) to purchase and finance the purchase of an automobile. On the same date, they also signed and submitted a Credit Application to Credit Acceptance in connection with the RIC.

51. By signing the Credit Application, Third-Party Defendant authorized and gave her consent to Credit Acceptance to communicate with her for any purpose whatsoever including to collect debt obligations by making calls to the cellular telephone numbers that Credit Acceptance had or would in the future obtain, and specifically acknowledged that "[t]his authorization includes consent for Credit Acceptance to make calls to any of my current or future cellular telephone numbers using any automatic telephone dialing systems or artificial or prerecorded voice."[2]

52. Specifically, Third-Party Defendant agreed to the following material terms in the "Email and Cellular Communication Consent" provisions set forth above her signature line on the Credit Application:

> **Email and Cellular Communications Consent:** By signing below I authorize and give consent to Credit Acceptance to use the email address and cellular telephone numbers I have provided on this application or which Credit Acceptance obtains to communicate with me for any purpose whatsoever… By providing a cellular telephone number on this application or to Credit Acceptance after my contract is assigned to them, I am consenting to receiving autodialed and artificial or prerecorded message calls from Credit Acceptance . . . .

---

[2] Upon information and belief, Plaintiff and Third-Party Defendant have a copy of the Credit Application.

53. If and to the extent that it is determined that Third-Party Defendant was not an authorized and customary user of the (313) 957-XXXX telephone number, then Third-Party Defendant materially breached her agreement with Credit Acceptance by providing the (313) 957-XXXX telephone number to Credit Acceptance.

54. The damages Plaintiff alleges in her Complaint, if any, are a direct result of Third-Party Defendant's breach of the above materials terms of the Credit Application and RIC with Credit Acceptance.

55. Should Plaintiff be awarded any sums, including any damages, costs or attorneys' fees against Credit Acceptance, any such liability on the part of Credit Acceptance results from Third-Party Defendant's breach of contract.

56. Accordingly, Credit Acceptance demands as contract damages from Third-Party Defendant all amounts for which Credit Acceptance may be liable to Plaintiff, including any damages, costs, attorneys' fees, or any other sums Credit Acceptance is assessed, as well as to pay for the costs and fees incurred by Credit Acceptance in defending Plaintiff's lawsuit and costs and fees incurred in pursuing indemnification from Third-Party Defendant.

WHEREFORE, should Plaintiff prevail against Credit Acceptance, it seeks judgment against Third-Party Defendant for any sums it is required to pay as well as for its costs and attorneys' fees in defending against this litigation.

             Respectfully Submitted,


             By: */s/Stephen W. King*
               Stephen W. King (P56456)
               KING & MURRAY PLLC
               Attorneys for Defendant Credit Acceptance Corporation
               355 S. Old Woodward, Suite 100
               Birmingham, MI  48009
               (248) 792-2397
Dated: October 2, 2015       sking@kingandmurray.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2015, I served Defendant Credit Acceptance Corporation's Answer, Affirmative Defenses and Third-Party Complaint upon all the parties in the above case by electronically serving the attorneys of record at the email addresses listed in the caption.

By: */s/Stephen W. King*
Stephen W. King (P56456)
Attorneys for Defendant Credit Acceptance Corporation
355 S. Old Woodward, Suite 100
Birmingham, MI  48009
(248) 792-2398
sking@kingandmurray.com