UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VEDIA L. JONES,

    Plaintiff,

v.

CREDIT ACCEPTANCE
CORPORATION,

    Defendant/Third-Party Plaintiff,

v.

KALEAYAH JACKSON,

    Third-Party Defendant.

Case No. 2:15-cv-13165-VAR-EAS

_____

## STIPULATED PROTECTIVE ORDER

The parties understand that certain discovery in the above-captioned matter may be deemed by the producing party to be confidential. Accordingly, the parties have stipulated to the following protective order. It is accordingly ORDERED as follows:

1.    In connection with discovery proceedings in this action, any party may designate any document, thing, material, testimony or other information derived therefrom, which the designating party reasonably and in good faith believes to constitute sensitive personal information, proprietary business

information and/or trade secrets, as "CONFIDENTIAL" under the terms of this Stipulated Protective Order (hereinafter, the "Protective Order").

2. Confidential documents shall be so designated by stamping copies of documents or materials produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless expressly stated otherwise by the producing party.

3. Testimony taken at a deposition, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding, or by designating such testimony as confidential following receipt of the transcript. In order to permit time for such designation, in the absence of other agreement, all deposition testimony shall be treated as confidential for ten (10) days from the date of receipt of the transcript from the court reporter. Within said ten (10) day period, any party may designate information contained in the transcript as confidential, whether or not previously designated as such, by notifying the other parties in writing of the specific pages and lines of the transcript or exhibit which contains such information. Failure to designate a transcript or portions thereof as confidential on the record at the deposition or other proceeding, or within said ten (10) day period, shall be a waiver of any claim that such transcript or portion thereof is confidential.

4. Material designated as confidential under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter, the "Confidential Material") shall be used only for the purposes of the prosecution, defense, or settlement of this action, and for no other purposes, and shall only be disclosed to those persons designated in paragraph 5 of this Protective Order.

5. Confidential Material produced pursuant to this Protective Order may be disclosed or made available only to the Court, to Court personnel, to members of any jury empaneled in this case, to counsel for a party (including paralegal, clerical, and secretarial staff presently employed by such counsel), a named party, and to the following "qualified persons" designated below:

    a. experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    b. court reporter(s) employed in this action;

    c. a witness at any deposition or other proceeding in this action; and/or

    d. any other person as to whom the parties in writing agree or as ordered by the Court.

6. Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Protective Order and shall execute a nondisclosure agreement in the form attached here as Exhibit A. The parties will retain executed copies of Exhibit A, and such copies shall only be discoverable

upon order of the Court for good cause shown in the context of a bona fide dispute about compliance with this Protective Order.

7. Whenever any document or material designated confidential is disclosed or used at a deposition in which testimony in this action is given, each portion of any such testimony in which such information is disclosed or used shall be conducted with only those persons in attendance who are authorized under this Protective Order to have access to such information, and the transcript of such portion and all exhibits identified in that portion of the transcript shall be marked confidential as applicable, and thereafter deemed to be fully subject to the provisions of this Protective Order.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9. If Confidential Material, including any portion of a deposition transcript designated as Confidential, is attached to any papers filed with the Court, the parties will file the documents under seal.

10. In the event that any Confidential Material is used in any Court proceeding in this action, it shall not lose its confidential status through such use,

and the party using the Confidential Material shall take all reasonable steps to maintain its confidentiality during such use.

11. With the exception of those documents already produced as of the date hereof, documents shall be designated confidential at the time of production. Confidentiality designations for documents produced prior to the date of this Protective Order shall be made in writing within 21 days after entry of this Protective Order. All good-faith objections to any confidentiality designations must be submitted to opposing counsel in writing. Within ten (10) days of the designating party's receipt of such written notice from the objecting party, the designating party and the objecting party shall attempt to resolve the dispute. If an agreement on the designation cannot be reached, it shall be the designating party's obligation to seek a Court order affirming that the information at issue is entitled to protection under the terms of this Protective Order. That designating party shall move the Court for such an affirming order within 15 days of the failed attempt to resolve the dispute, unless the parties stipulate in writing to a different time-frame for the filing of such a motion. The information in question shall be treated, consistent with its designation, as confidential pending an order from the Court. A failure of the designating party to file its motion with the Court within the time designated in this paragraph, or such other time as to which the parties may otherwise agree (in writing), shall be deemed a waiver of the designation of the

subject information as confidential; and the documents, information or other things originally so designated shall be deemed to be no longer subject to this Protective Order and any such documents previously filed with the Court under seal shall be unsealed.

12. This Protective Order shall be without prejudice to the right of the parties: (i) to bring before the Court at any time the question of whether any particular document or information is confidential, or whether its use should be restricted; or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. The party desiring to maintain confidentiality shall have the burden of establishing grounds for confidential treatment. The parties may in the future make application for modification of this Protective Order.

13. Nothing contained herein shall prevent a party from utilizing another party's confidential documents and information at the trial of this case. If either party wishes special treatment of confidential information at trial or with regard to any post-trial proceedings, the same shall be sought through separate application to the Court, and nothing in this Protective Order is intended either to support or to undermine such an application.

14. This Protective Order shall not require a party to produce confidential information that the party believes is not discoverable in this action. Likewise,

6

nothing in this Protective Order shall limit the right of the party seeking discovery from filing a motion seeking to compel the production of such documents.

15. To the extent that Confidential Material does not become known to the public, this Protective Order shall survive the final termination of this action. At the option of the producing person or party, within sixty (60) days of the final termination of this action, including appeals, all confidential information produced by any person or party during the course of the proceeding of this action and all copies thereof in any form stored or reproduced may either be: (a) promptly returned to the producing person or party, at the sole cost of the producing person or party; or (b) be destroyed; provided that counsel of record may retain one copy of the pleadings, correspondence, and attorneys' notes relating to this action, subject to the other terms of this Protective Order. The party or parties receiving the request to return or destroy such material may instead make the materials available to the requesting party or person for retrieval. The party or parties receiving any request to return or destroy such material shall certify compliance with this paragraph and deliver same to counsel for the producing person or party within sixty (60) days of the final termination of this action, including appeals. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

16. After the termination of this action by order or judgment, or by an appellate mandate if appealed, any Confidential Materials filed with the Court under seal pursuant to this Protective Order will, upon presentation of this Protective Order by a party to the Clerk's Office, be returned to the parties responsible for their submission. However, in the event that no request for the return of sealed documents is presented by a party to the Clerk's Office within sixty (60) days of the termination of this action, said materials will be unsealed and placed in the public case file. Should the protected documents be returned to the parties or attorneys who submitted them, counsel shall maintain one archival copy of depositions, exhibits, transcripts, Court exhibits and transcripts, and documents and information included in submissions to the Court.

**APPROVED and SO ORDERED:**

                                                        s/Elizabeth A. Stafford
                                                       Elizabeth A. Stafford
                                                       United States Magistrate Judge

**I stipulate to the form and entry of this Order:**

| | |
|---|---|
| */s/ Stephen Thomas* | */s/ Stephen W. King* |
| Stephen A. Thomas (P43260) | Stephen W. King (P56456) |
| Attorney for Plaintiff and | Attorney Defendant |
| Third-Party Defendant | |

Dated: May 17, 2016

# EXHIBIT "A"
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare as follows:

I hereby acknowledge that I may receive information designated as CONFIDENTIAL related to the case entitled *Vedia L. Jones v. Credit Acceptance Corporation*, *et al*. before the United States District Court in the Eastern District of Michigan, Case Number 2:15-cv-13165; and I certify to comply with the Protective Order.

I declare my understanding that such information is provided to me pursuant to the terms and restrictions of the Stipulated Protective Order entered in that proceeding (the "Protective Order").

I further state that I have been given a copy of, and have read the Protective Order; that I am familiar with its terms; that I agree to comply with and to be bound by each of the terms thereof; and that I agree to hold in confidence any information disclosed to me pursuant to the terms of the Protective Order.

To ensure my compliance with the Protective Order, I hereby submit myself to the jurisdiction of the United States District Court in the Eastern District of Michigan for the limited purpose of any proceeding relating to this agreement, under the laws of the United States of America, that the foregoing is true and correct.

                                                _____
                                                        (Signature)

Executed on this \_\_\_ day of _____, 2016