UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VEDIA L. JONES,

Plaintiff,

Case No. 2:15-cv-13165-VAR-EAS

v.

CREDIT ACCEPTANCE
CORPORATION,

Defendant/Third-Party Plaintiff,

v.

KALEAYAH JACKSON,

Third-Party Defendant.
_____

### KALEAYAH JACKSON'S ANSWER TO FIRST AMENDED
### THIRD-PARTY COMPLAINT AND AFFIRMATIVE DEFENSE(S)

NOW COMES Third-Party Defendant, KALEAYAH JACKSON, by and through her counsel, Stephen A. Thomas, Esq., and in response to Defendant/Third-Party Plaintiff CREDIT ACCEPTANCE CORPORATION'S First Amended Complaint submit its Answer and Affirmative Defense(s) as follows:

### ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT

1. Third-Party Defendant admits in part that she is an adult individual and denies she is residing in Wayne County, Michigan in that she lives in Macomb County and so testified at her deposition on April 26, 2016.

2. Admitted.

3. Denied. Third-Party Defendant lacks information or knowledge sufficient with which to form a belief as to the truth of the allegation contained in paragraph 3 and thus denies same, leaving Defendant/Third-Party Plaintiff to its strict proofs.

4. Denied. Third-Party Defendant lacks information or knowledge sufficient with which to form a belief as to the truth of the allegation contained in paragraph 4 and thus denies same, leaving Defendant/Third-Party Plaintiff to its strict proofs.

5. Denied.

## COUNT ONE - Indemnification

6. Third-Party Defendant hereby incorporated by reference her answers to the preceding paragraphs.

7. Third-Party Defendant need not respond to the allegations contained in paragraph 7 in that they are conclusions of law to which no response is required, and Third-Party Defendant leaves Defendant/Third-Party Plaintiff to its strict proofs.

8. Denied.  Third-Party Defendant further denies she provided (313) 957-XXXX to Defendant/Third-Party Plaintiff and further states Defendant/Third-Party Plaintiff received (313) 957-XXXX from a Legacy Motors References sheet.

9. Denied.

10. Denied.  Third-Party Defendant further denies she provided (313) 957-XXXX telephone number to Defendant/Third-Party Plaintiff and further states Plaintiff informed Defendant/Third-Party Plaintiff to stop calling her cell phone (313) 957-XXXX.

11. Denied and further states she never provided (313) 957-XXXX cell phone number to Defendant/Third-Party Plaintiff.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

## COUNT TWO - Fraud

16. Third-Party Defendant hereby incorporated by reference her answers to the preceding paragraphs.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## COUNT THREE - Fraudulent Misrepresentation

28. Third-Party Defendant hereby incorporated by reference her answers to the preceding paragraphs.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

### COUNT FOUR - Negligent Misrepresentation

35. Third-Party Defendant hereby incorporated by reference her answers to the preceding paragraphs.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

### COUNT FIVE - Innocent Misrepresentation

42. Third-Party Defendant hereby incorporated by reference her answers to the preceding paragraphs.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT SIX - Breach of Contract

49. Third-Party Defendant hereby incorporated by reference her answers to the preceding paragraphs.

50. Denied. Third-Party Defendant lacks information or knowledge sufficient with which to form a belief as to the truth of the allegation contained in paragraph 50, and thus denies same, leaving Defendant/Third-Party Plaintiff to its strict proofs.

51. Denied. Third-Party Defendant lacks information or knowledge sufficient with which to form a belief as to the truth of the allegation contained in paragraph 51, and thus denies same, leaving Defendant/Third-Party Plaintiff to its strict proofs.

52. Denied. Third-Party Defendant lacks information or knowledge sufficient with which to form a belief as to the truth of the allegation contained in paragraph 52, and thus denies same, leaving Defendant/Third-Party Plaintiff to its strict proofs.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## COUNT SEVEN - Breach of Contract

57. Third-Party Defendant hereby incorporated by reference her answers to the preceding paragraphs.

58. Denied. Third-Party Defendant lacks information or knowledge sufficient with which to form a belief as to the truth of the allegation contained in paragraph 58, and thus denies same, leaving Defendant/Third-Party Plaintiff to its strict proofs.

59. Denied. Third-Party Defendant lacks information or knowledge sufficient with which to form a belief as to the truth of the allegation contained in paragraph 59, and thus denies same, leaving Defendant/Third-Party Plaintiff to its strict proofs.

60. Admits.

61. Denied. Third-Party Defendant lacks information or knowledge sufficient with which to form a belief as to the truth of the allegation contained in paragraph 61, and thus denies same, leaving Defendant/Third-Party Plaintiff to its strict proofs.

62. Denied. Third-Party Defendant lacks information or knowledge sufficient with which to form a belief as to the truth of the allegation contained in paragraph 62, and thus denies same, leaving Defendant/Third-Party Plaintiff to its strict proofs.

63. Denied. Third-Party Defendant lacks information or knowledge sufficient with which to form a belief as to the truth of the allegation contained in paragraph 63, and thus denies same, leaving Defendant/Third-Party Plaintiff to its strict proofs.

## **AFFIRMATIVE DEFENSES**

Third Party Defendant has been advised by counsel that until there has been complete discovery in this case, a final determination cannot be made as to whether Defendant/Third Party Plaintiff's claims are barred in whole or in part by the following

defenses and other matters asserted in these Affirmative Defenses. Therefore, in order to preserve and not waive such defenses and other matters, ThirdParty Defendant, by and through her undersigned counsel, sets forth the following Defenses and reserves the right to add such additional Defenses to which she may be entitled:

1. Defendant/Third Party Plaintiff has failed to state a claim upon which relief may be granted.

2. Defendant/Third-Party Plaintiff has no right to indemnification under the Telephone Consumer Protection Act.

3. Defendant/Third Party Plaintiff has failed to mitigate damages.

4. Defendant/Third Party Plaintiff's claims are barred to the extent that Credit Acceptance did not have the prior express consent to call the cellular telephone of Plaintiff. Alternatively, Credit Acceptance did not obtain consent from persons authorized to give consent on behalf of Plaintiff.

5. Defendant/Third Party Plaintiff's claims are barred by estoppel, laches, waiver, and the doctrine of unclean hands.

6. Third Party Defendant reserves the right to raise additional affirmative defenses as they become known to it through the course of discovery.

WHEREFORE, Third-Party Defendant prays that this Court dismiss the Third-Party Complaint of the Defendant/Third-Party Plaintiff herein, with attorney fees, costs and disbursements to Third-Party Defendant, together with such other relief the Court finds to be just and proper.

        Respectfully submitted,

June 28, 2016      /s/ Stephen A. Thomas
        STEPHEN A. THOMAS P43260
        Attorney for Third-Party Defendant
        645 Griswold St., Suite 1360
        Detroit, Michigan  48226
        313-965-2265
        sthomas@313965bank.com

## CERTIFICATE OF SERVICE

  I, Stephen A. Thomas, hereby state that on June 28, 2016, the foregoing document was filed using the court's CM/ECF System and all counsel of record will receive the same.

        /s/ Stephen A. Thomas