UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VEDIA L. JONES,                         Civil Action No.: 15-13165
                                        Honorable Victoria A. Roberts
                    Plaintiff,          Magistrate Judge Elizabeth A. Stafford

v.

CREDIT ACCEPTANCE
CORPORATION,

                    Defendant/
          Third-Party Plaintiff,

v.

KALEAYAH JACKSON,

     Third-Party Defendant.

_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION TO STAY [R. 21]**

## I.    Introduction

Plaintiff Vedia L. Jones alleges that Credit Acceptance Corporation

("CAC") harassed her with debt-collection calls from an automatic

telephone dialer system, in violation of the Telephone Consumer Protection

Act ("TCPA"), 47 U.S.C. § 227, *et seq.*  [R. 1].  The debt belonged to

Jones's granddaughter, Third-Party Defendant Kaleayah Jackson.  [*Id.*,

PgID 3].  Jones alleges that she informed a CAC representative to stop calling her private cell phone, but that she continued to receive daily pre-recorded and/or synthesized voice messages from CAC on her phone.  [*Id.*, PgID 4].  Jones denies that she gave CAC consent to call her private cell phone, but CAC alleges in a third-party complaint that Jackson authorized CAC to call her using the phone number at issue.  [*Id.*; R. 17, PgID 110-11].

Currently before the Court is CAC's motion to stay proceedings pending a D.C. Circuit ruling on the validity of a FCC Declaratory Ruling regarding the TCPA from July 2015.  [R. 21].  For the reasons stated below, the Court recommends that CAC's motion be granted.

## II.    Analysis

### A.

Under the TCPA, the term "automatic telephone dialing system" is defined as equipment that "has the capacity (A) to store or produce telephone numbers to be called, suing a random or sequential number generator; and (B) to dial such numbers."  § 227(a)(1).  Use of such an autodialer to call a cell phone without the "prior express consent of the called party" is prohibited. § 227(b)(1)(A)(iii).  In July 2015, the FCC reaffirmed a previous statement that the TCPA defines autodialers to include equipment that "has the capacity to store or produce, and dial

2

random or sequential numbers . . . even if it is not presently used for that purpose . . . ." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 7972 (2015). The 2015 Ruling additionally clarified that "a called party may revoke consent at any time and through any reasonable means," and that "the TCPA requires the consent not of the intended recipient of a call, but of the current subscriber," although it provided for a "one call" safe-harbor, allowing the caller to gain actual or constructive notice once the number is reassigned from the party who gave consent. *Id.* at 7889-90, 7999-8000.

ACA International and other parties have petitioned the D.C. Circuit to review the July 2015 Ruling, raising as issues the definition of autodialer as including equipment that merely has the capacity to autodial; the provisions deeming a caller as having constructive knowledge of the reassignment of a number after only one call (whether answered or not); the definition of "called party"; and the Ruling's interpretation of the right of revocation of consent. *ACA International, et al. v. FCC*, No. 15-1211, R. 1567590, R. 1568291, R. 1568293 (D.C. Circuit August 2015). Oral argument was heard on October 19, 2016.

CAC argues that proceedings in this matter should be stayed in the interest of judicial economy because the D.C. Circuit's decision may be

3

dispositive.  It cites a number of opinions in which a stay was entered

pending the *ACA International* decision.  [R. 21, PgID 142].  Jones

responds that the D.C. Circuit is unlikely to overturn the July 2015 Ruling

and that she would be prejudiced by a stay, and she cites a number of

opinions in which stays pending the court's decision were denied.  [R. 27,

PgID 425-26].  The Court finds her claim of prejudice unconvincing and that

the interest of judicial economy would be furthered by granting the motion

to stay.

## B.

"The power to stay proceedings is incidental to the power inherent in

every court to control the disposition of the causes in its docket with

economy of time and effort for itself, for counsel and for litigants, and the

entry of such an order ordinarily rests with the sound discretion of the

District Court." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir.

2014) (citations and internal quotation marks omitted).  CAC bears the

burden of demonstrating the need for a delay and that neither Jones nor

the public will be harmed by a stay.  *Id.*  Despite the importance of

balancing these hardships, "[t]he district court must also consider whether

granting the stay will further the interest in economical use of judicial time

and resources."  *Id.* (citations and internal quotation marks omitted).

4

CAC's argument that the D.C. Circuit Court's decision regarding the July 2015 Ruling will likely be dispositive of the issues raised in this lawsuit is not persuasive. CAC claims, "If the term 'called party' is amended by the D.C. Circuit to include the 'intended recipient,' then there will be no liability under the TCPA in this case." [R. 21, PgID 151]. But the specific issue raised before the D.C. Circuit addresses intended recipients who were previous subscribers of the number at issue. *Fontes v. Time Warner Cable Inc., No.* CV14-2060-CAS(CWX), 2015 WL 9272790, at *2 (C.D. Cal. Dec. 17, 2015). That is not the issue in this case; Jones claims she was the subscriber of the phone number at issue since 2006, [R. 1, PgID 3], and CAC has not claimed that Jackson was a subscriber when she gave consent. Jones also states that she informed a CAC agent that the number belonged to her and to stop calling. [*Id.,* PgID 4]. So even if the D.C. Circuit decision leads to a conclusion that CAC had sufficient consent to call Jones's number, her claims against CAC may still have merit if she properly revoked such consent. And even if the autodialer definition in the July 2015 Ruling goes too far by including equipment that only has the potential to autodial, that does not mean that the equipment used to call Jones would not be considered an autodialer under a more narrow definition.

5

Having said that, the decision from the D.C. Circuit could affect the standards that would be relevant to a motion for summary judgment and to jury instructions.  Specifically, the court's decision may be relevant to the determination of whether CAC could rely upon Jackson's alleged consent, of whether Jones properly revoked any consent and of the proofs necessary for determining whether the equipment CAC used to call Jones was an autodialer under the TCPA.  Jones argues that the D.C. Circuit Court is unlikely to overturn the July 2015 Ruling, but the FCC was "sharply divided" on many of the pertinent issues, especially the proper definition of autodialer.  *Fontes*, 2015 W.L. 9272790 at *3.  "[I]n light of the close divide amongst the FCC commissioners and the fact that at least one commissioner believes the FCC's ruling is 'flatly inconsistent with the TCPA,' there is a legitimate possibility that the Court of Appeals may overturn that ruling. Accordingly, the proper interpretation of the TCPA remains unclear."  *Id.* at *4.  Anticipating that a decision from the D.C. Circuit Court would arrive around the end of 2016, the court in *Fontes* granted the defendant's motion to stay.  *Id.* at 5.

*See also Coatney v. Synchrony Bank*, No. 616CV389ORL22TBS, 2016 WL 4506315, at *2 (M.D. Fla. Aug. 2, 2016) ("A stay will conserve judicial resources, will help clarify the law, and will enable this Court to

6

render a sound decision."); *Rose v. Wells Fargo Advisors, LLC*, No. 1:16-CV-562-CAP, 2016 WL 3369283, at *2 (N.D. Ga. June 14, 2016) ("[G]ranting a stay may simplify the issues in this case and conserve judicial resources because any order by this court issued in reliance on the July 2015 Ruling will be called into question if the D.C. Circuit overturns the July 2015 Ruling.").

Jones notes that other courts have disagreed.  For example, in *Caudill v. Wells Fargo Home Mortg., Inc.*, No. CV 5: 16-066-DCR, 2016 WL 3820195, at *3 (E.D. Ky. July 11, 2016), the court denied a motion for stay, reasoning that it was unlikely that the *ACA International* case would be dispositive even if it impacted the standards for revoking consent; that the plaintiff contended that the defendant's equipment would meet a more narrow definition of autodialer than allowed by the July 2015 Ruling; and that the length of the stay would be uncertain.  Jones also cites opinions such as *Baisden v. Credit Adjustments, Inc.*, 813 F.3d 338 (6th Cir. 2016) as indicating that a third party who does not possess common authority over a phone can never provide the requisite prior express consent. Nonetheless, the Court believes that a stay is warranted.

While understanding that erroneous jury instructions require reversal only if they are confusing, misleading and prejudicial, *E.E.O.C. v. New*

7

*Breed Logistics*, 783 F.3d 1057, 1075 (6th Cir. 2015), proceeding on motions for summary judgment or to trial with uncertain standards would unnecessarily invite potential prejudicial and reversible error, and thus potentially waste judicial resources. Jones argues that it is clear that CAC actually used an autodialer when calling her, but CAC did not admit that in its amended answer. [R. 17]. In fact, CAC denies that Jones informed its agent to stop calling her phone and that it nonetheless continued to call her number using autodial equipment. [*Id.*, ¶¶ 17-18]. The Court should not speculate whether clarification of the standards that govern the TCPA will make a difference when these factual issues are being resolved. Moreover, Jones's reliance on *Baisden* is misplaced because its description of "prior express consent" relied in part on the July 2015 Ruling that is now under review, *see* 813 F.3d at 343-44, and the issue in *Baisden* was not whether a third party may provide the requisite consent for a creditor to call a particular phone number, so that opinion does not resolve the issue raised here.

Nor has Jones demonstrated prejudice. She asserts that, because she has deposed two corporate witnesses and is close to filing a motion for summary judgment, she would be placed at a tactical disadvantage if a stay were granted. The logic of this argument is not evident, and there is

no tactical advantage to conducting discovery and preparing for trial when the TCPA standards are uncertain.  *Rose*, 2016 WL 3369283 at *2 ("[I]f the case is not stayed, the defendant may suffer hardship in conducting discovery and trial preparation in light of the uncertain difference between "potential" capacity and "theoretical" capacity under the definition of an ATDS."). And while the length of a stay would be uncertain, the D.C. Circuit Court has already held oral argument, so the stay should not be unduly long.  *See Small v. GE Capital, Inc.,* No. EDCV152479JGBDTBX, 2016 WL 4502460, at *3 (C.D. Cal. June 9, 2016) ("Although Plaintiff is correct that it is unclear when the D.C. Circuit will issue its ruling, numerous district courts within this district have stayed TCPA actions as early as December 2015 in anticipation of a ruling by the D.C. Circuit."); *Rose*, 2016 WL 3369283 at *2 ("[T]he appeal before the D.C. Circuit is not likely to remain pending for an extended period of time, and the possible prejudice to the plaintiff is minimal.").

In light of the uncertainty surrounding the proper interpretation of the TCPA and the lack of demonstrated prejudice to Jones, the interest of judicial economy warrants a stay.

### III.    Conclusion

For the reasons stated above, the Court recommends that CAC's motion to stay [R. 21] be **GRANTED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 31, 2016

### <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 31, 2016.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager