UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VEDIA L. JONES,

        Plaintiff

v.

CREDIT ACCEPTANCE
CORPORATION,

        Defendant/
    Third-Party Plaintiff,

v.

KALEAYAH JACKSON,

    Third-Party Defendant.

_____/

Civil Action No.: 15-13165
Honorable Victoria A. Roberts
Magistrate Judge Elizabeth A. Stafford

**ORDER DENYING PLAINTIFF'S MOTION TO FILE
FIRST AMENDED COMPLAINT [R. 22; R. 23]**

Plaintiff Vedia L. Jones has filed a motion to file a first amended complaint, seeking to add a claim against Credit Acceptance Corporation ("CAC") under the Michigan Collections Practices Act, M.C.L. § 445.251 *et seq*. [R. 22; R. 23]. "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin*

*v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citation and internal quotation marks omitted). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

CAC objects to Jones's motion to amend, arguing that it would be futile because there is no dispute that Jones did not owe the debt at issue. [R. 29]. The Court agrees. In her proposed amended complaint, Jones states that she is a "consumer" as that term is defined in § 445.251. [R. 23-2, PgID 314]. Under that section, a "'Consumer' or 'debtor' means an individual who is obligated or allegedly obligated to pay a debt." § 445.251(d). It is undisputed that Jones did not owe the debt for which CAC was attempting to collect. In her reply, Jones argues that she is a consumer under the Michigan Consumer Protections Act, M.C.L. § 445.903 *et seq.*, and cites in support *DIRECTV Inc.'s v. Cavanaugh*, 321 F. Supp. 2d 825 (E.D. Mich. 2003). [R. 32, PgID 544]. But she cited a different statute in her proposed amended complaint – the Michigan Credit Protections Act, § 445.251 *et seq.* [R. 23-2].

Under the Michigan Credit Protections Act, like its federal counterpart, Jones does not state a claim if she knew that CAC was not attempting to collect a debt owed by her. *Scheuer v. Jefferson Capital*

2

*Sys.*, LLC, 43 F. Supp. 3d 772, 786 (E.D. Mich. 2014); *Kujawa v. Palisades Collection*, L.L.C., 614 F. Supp. 2d 788, 791–92 (E.D. Mich. 2008). Jones's deposition testimony makes clear that she knew that the debt at issue was owed by her granddaughter. [R. 23-4, PgID 383]. Thus, the amendment that Jones seeks would be futile, and her motion to amend [R. 22; R. 23] is **DENIED**.

    **IT IS SO ORDERED.**

                                    s/Elizabeth A. Stafford
                                    ELIZABETH A. STAFFORD
                                    United States Magistrate Judge

Dated: October 31, 2016

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 31, 2016.

                                          <u>s/Marlena Williams</u>
                                          MARLENA WILLIAMS
                                          Case Manager