UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VEDIA L. JONES,

    Plaintiff,

v.

    Case No. 2:15-cv-13165-VAR-EAS

CREDIT ACCEPTANCE
CORPORATION,

    Defendant/Third-Party Plaintiff,

v.

KALEAYAH JACKSON,

    Third-Party Defendant.

_____

## CREDIT ACCEPTANCE'S EMERGENCY MOTION FOR TEMPORARY STAY

Defendant and Third-Party Plaintiff Credit Acceptance Corporation ("Credit Acceptance"), by counsel, submits Credit Acceptance's Emergency Motion for Temporary Stay ("Motion"). Specifically, Credit Acceptance is seeking an immediate stay regarding any and all activity related to Plaintiff and Third-Party Defendant's Motion for Partial Summary Judgment ("Motion for Partial Summary Judgment") [Dkt. #54] until after the Court issues an Opinion and Order on Credit Acceptance's Motion to Strike Plaintiff's Expert Witness ("Motion to Strike"),

which will be filed shortly. This request for a temporary stay includes briefing (both brief in opposition and reply briefs) and the issuance of an opinion and order. This relief is necessary because the Motion for Partial Summary Judgment relies, in part, on the two declarations of Plaintiff Vedia L. Jones' ("Plaintiff" or "Ms. Jones") purported expert witness, Randall Snyder. If the Motion to Strike is granted, then then some or all of the Motion for Partial Summary Judgment may be rendered moot.

In support of this Motion, Credit Acceptance relies on the facts and law presented in the attached Memorandum in Support.

Counsel for Credit Acceptance sought concurrence in this Motion, but concurrence was not forthcoming.

Respectfully submitted,

*/s/ Stephen W. King*
Stephen W. King (P56456)
KING AND MURRAY PLLC
Attorneys for Credit Acceptance Corporation
355 S. Old Woodward, Suite 100
Birmingham, MI 48009
(248) 792-2398
sking@kingandmurray.com

Dated: July 26, 2018

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VEDIA L. JONES,

    Plaintiff,                               Case No. 2:15-cv-13165-VAR-EAS

v.

CREDIT ACCEPTANCE
CORPORATION,

    Defendant/Third-Party Plaintiff,

v.

KALEAYAH JACKSON,

    Third-Party Defendant.

_____

## **MEMORANDUM IN SUPPORT**

## **ISSUES PRESENTED**

1. Whether a temporary stay is appropriate in the present matter while the Court issues an Opinion and Order on Credit Acceptance's Motion to Strike Plaintiff's Expert Witness.

Credit Acceptance submits that this Court should answer this question in the affirmative and temporarily stay all proceedings in this action.

## **CONTROLLING AND MOST APPROPRIATE AUTHORITY**

Credit Acceptance relies on the authorities cited in its Memorandum in Support including, without limitation, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Int'l Nickel Co. v. Martin J. Barry, Inc.*, 204 F.2d 583, 586 (4th Cir. 1953); *Kamara v. Polk*, No. 3:12-CV-143, 2014 U.S. Dist. LEXIS 15824 *3 (N.D. W. Va. Nov. 7, 2014).

## BACKGROUND

As set forth above, Plaintiff filed a Complaint against Credit Acceptance, alleging that Credit Acceptance placed calls to her cell phone using autodialer equipment without her consent in violation of the TCPA. [Dkt. #1.] In response to Plaintiff's complaint, Credit Acceptance filed responsive pleadings, including a Third-Party Complaint against Plaintiff's granddaughter, Third-Party Defendant Kaleayah Jackson ("Third-Party Defendant" or "Ms. Jackson"), because Ms. Jackson <u>voluntarily</u> provided the cell phone number in question to Credit Acceptance on May 2, 2014, and provided consent for Credit Acceptance to call her at that number. [Dkt. #17.] When Credit Acceptance placed calls to the phone number in question, solely to reach Ms. Jackson, it did so with the prior express consent. Furthermore, neither Plaintiff nor Third-Party Defendant instructed Credit Acceptance to stop calling; indeed, many of the calls were simply not answered.

## ARGUMENT

**A.    Legal Standard**

A district court has broad, inherent power to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Int'l Nickel Co. v. Martin J. Barry, Inc.*, 204 F.2d 583, 586 (4th Cir. 1953).  Three considerations are relevant to whether a court should exercise its discretionary

power to stay proceedings: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Kamara v. Polk*, No. 3:12-CV-143, 2014 U.S. Dist. LEXIS 15824 *3 (N.D. W. Va. Nov. 7, 2014) (summarizing the *Landis* factors). Here, each factor militates in favor of staying the proceedings pending the D.C. Circuit's ruling on the 2015 FCC Order.

**First**, the interests of judicial economy will be served by temporarily staying the case. If the Motion to Strike is granted, then some or all of the Motion for Partial Summary Judgment may be rendered moot. However, if the case is not stayed, and the Court rules on the Motion for Partial Summary Judgment before it rules on Credit Acceptance's Motion to Strike, then it may have to re-examine the rulings in one or both motions. In short, both the Court and the parties may have to spend additional (and wasteful) time and resources regarding these motions.

**Second**, the hardship and equity to Credit Acceptance if the action is not stayed, also weighs in favor of a stay. If this case is permitted to proceed prior to clarification from this Court, then Credit Acceptance may face a hardship when it will be forced to spend additional time and resources (both financial and human) during the remaining case by having to possibly re-litigate decisions by the Court. *See, e.g., Cardenas*, 2011 WL 846070, at *4 (noting injury to defendant absent a stay insofar as "there can be no legitimate dispute that conducting further

proceedings, up to and including preparing for and conducting a trial *that may ultimately be unnecessary*, would result in significant litigation costs-as well as the expenditure of judicial resources").

**Third**, there is no prejudice to Plaintiff or Third-Party Defendant if their Motion for Partial Summary Judgment is stayed for a short period of time pending resolution of the Court's decision on Credit Acceptance's Motion to Stay. *See Kolloukian*, Civil No. 15-2856, 2015 U.S. Dist. LEXIS 174005 at *2 (staying case pending appeal of 2015 FCC Order, finding "[a] stay will not create undue prejudice to Plaintiff and the modest delay caused by the granted stay is reasonable in light of the implications the appellate decisions may have on this litigation"). The Motion for Partial Summary Judgment is not one in which Plaintiff (or Third-Party Defendant) seeks or requires immediate relief. Nor does Plaintiff seek compensation for any actual injuries-in-fact that might be necessary to make Plaintiff whole. Instead, Plaintiff merely seeks statutory penalties for calls made—but not necessarily answered by Plaintiff—by Credit Acceptance to the telephone number in question.

## **CONCLUSION**

For the foregoing reasons, Credit Acceptance respectfully requests that the Court grant its Motion to Stay and enter an Order staying the briefing and ruling on the Motion for Partial Summary Judgment until the Court issues an Opinion and

Order on Credit Acceptance's Motion to Stay.

                                          Respectfully Submitted,

                                By: */s/ Stephen W. King*
                                   Stephen W. King (P56456)
                                   KING & MURRAY PLLC
                                   Attorneys for Credit Acceptance Corporation
                                   355 S. Old Woodward, Suite 100
                                   Birmingham, MI  48009
                                   (248) 792-2397
                                   sking@kingandmurray.com

Dated: July 26, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2018, I caused the foregoing document to be electronically filed with the Court Clerk and all parties of record.

*/s/ Stephen W. King*
Stephen W. King